UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENNIS WIESEHAN, *et. al*, | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | )   CIVIL NO. 1:20cv481 |
| | ) |
| FCA US, LLC, a foreign corporation, *et. al*, | ) |
| | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the court on a motion for judgment on the pleadings filed by Defendant FCA US, LLC ("FCA"), a motion for judgment on the pleadings filed by Defendant Northern Stamping Co. ("Northern Stamping"), a joint motion to strike Plaintiffs' proposed amended complaint filed by the defendants, and a motion to amend complaint filed by the Plaintiffs. All of the motions have been fully briefed.

## Discussion

In support of their motion to amend complaint, the Plaintiffs assert as follows. On April 2, 2021, Northern Stamping filed its Motion for Judgment on the Pleadings. Within Northern Stamping's Brief in Support, Northern Stamping stated in footnote no. 1 that Plaintiffs failed to allege that Northern Stamping breached any duties to the Plaintiffs and/or that those breaches were a proximate cause of Plaintiffs' injuries. On April 30, 2021, Plaintiffs filed their Response to Northern Stamping's Motion for Judgment on the Pleadings and Brief in Support. As part of their Brief in Support, Plaintiffs requested leave to amend their Complaint as stated in Exhibit 2, which was Plaintiffs' Proposed First Amended Complaint.

Plaintiffs now seek leave to amend their Complaint pursuant to Rule 15(a)(2) to clarify

the inadvertent omissions within the Complaint so as to make clear that they intend to allege breaches of duty as to Northern Stamping, causation as to Northern Stamping, and liability for damages as to Northern Stamping.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires," but leave to amend is not automatic. *Johnson v. Methodist Medical Ctr. of Ill*, 10 F.3d 1300, 1303 (7th Cir. 1993). "*In Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), the Court determined that leave to amend should be granted under Federal Rule of Civil Procedure 15(a) unless there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Ferguson v. Roberts*, 11 F.3d 696, 706 (7th Cir. 1993); accord, *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992).

In response, the Defendants claim that the proposed amended complaint would be unduly prejudicial and a waste of time and resources, as all parties would then have to re-file pleadings and dispositive motion briefing. However, Plaintiffs assert, and Defendants apparently concede, that the amended complaint would not substantively impact the arguments made by the Defendants in their motions for judgment on the pleadings. It is unclear how re-filing unaffected pleadings and motions is "unduly prejudicial". While it may be a minor hassle, it doesn't appear to be prejudicial at all. Thus, as this court favors having all the cards on the table as early as possible to facilitate a smooth litigation path, the court will grant the motion to amend the complaint.

Additionally, the other pending motions [DE 35, 43, 52] will be stricken as moot.

Conclusion

On the basis of the foregoing, the motion to amend complaint [DE 54] is hereby GRANTED and the motion to strike [DE 52] is hereby STRICKEN AS MOOT.

Further, FCA's motion for judgment on the pleadings [DE 35] and Northern Stamping's motion for judgment on the pleadings [DE 43] are both hereby STRICKEN AS MOOT.

Entered: July 13, 2021.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court