UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **DENNIS WIESEHAN** and **STEPHANIE WIESEHAN**, *Personal Representatives of the Estate of Kevin Wiesehan, deceased, et al.*, <br><br>  Plaintiffs, <br><br> v. <br><br> **FCA US, LLC**, *a foreign corporation, et al.*, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:20-cv-00481-RLM-SLC |

## OPINION AND ORDER

Before the Court is a Joint Motion for Entry of Protective Order (ECF 98), seeking approval of a proposed stipulated protective order submitted by the parties (ECF 98-1). For the following reasons, the joint motion (ECF 98) will be DENIED WITHOUT PREJUDICE.

While the proposed order purports to preclude sealed filings and is seemingly limited to discovery (ECR 98-1 ¶ 8), which would afford it lesser scrutiny,[1] it nonetheless includes provisions which restrict the Court and its staff—specifically court reporters. For example, Paragraphs 4 and 5 limit court reporters from communicating or otherwise publicizing "Confidential Information or Protected Documents" as defined by the proposed order. (ECF 98-1 ¶¶ 4-5). Similarly, Paragraph 10 requires:

> [a]ny court reporter. . . or transcriber . . . [to] agree on record that all "confidential" information . . . shall remain "confidential" and shall not be disclosed by them . . . and that any notes or

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)).

> transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

(*Id.* ¶ 10).

Presumably these provisions are meant to apply to court reporters retained by the parties for depositions, but there is nothing in the proposed order excluding court reporters in proceedings before the Court. When transcripts of proceedings before the Court are made, the court reporter is required to "promptly deliver to the clerk of court the court reporter's or transcriber's original records . . . ." *See Judicial Conference Policy on Privacy and Public Access to Electronic Case Files*, United States Courts (March 2008), https://www.uscourts.gov/rules-policies/judiciary-policies/privacy-policy-electronic-case-files. Similarly, federal law requires "[t]he original notes or other original records and the copy of the transcript in the office of the clerk shall be open during office hours to inspection by any person without charge." 28 U.S.C. § 753(a).

Also, by prohibiting court reporters from communicating or publicizing "Confidential Information or Protected Documents," the proposed order can be read as preventing the public docketing of transcripts of Court proceedings. But the Court will not authorize the redacting or sealing of transcripts absent an authorizing statute or court rule, or upon a showing of "good cause." *See* Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Indeed, the parties "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials," *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000), and remember that the public "has an independent right to inspect the proceedings of its judiciary," *Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, 288 F. Supp. 3d 872, 910 (E.D. Wis. 2017) (denying a joint request to seal trial transcripts despite permitting "mutual confidentiality" during discovery).

There are other issues the parties should keep in mind should they submit a revised protective order.[2] First, while Paragraph 17 provides that the proposed order may be "waived, modified, abandoned, or terminated in whole or in part" by "an instrument in writing signed by the parties" (ECF 98-1 ¶ 17), any modifications to the terms of a protective order adopted by the Court are subject to the same requirements for the Court's initial approval and entry of that protective order. Thus, any modification of a protective order adopted by the Court can only be made with the Court's approval and order.

Further, while the parties agree in Paragraph 21 that the provisions of the proposed order "shall continue to be binding" (*id.* ¶ 21), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case, *see EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010). Similarly, the parties should expressly state that any provisions requiring the return or destruction of confidential or protected

---

[2] In fact, if the parties do intend for the proposed order to cover sealed filings, there are multiple issues. Principally, the categories of information contemplated by the proposed order (ECF 98-1 at 1-2) are overbroad. **Error! Main Document Only.**A protective order must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins.,* 178 F.3d at 946. Generic terms such as "confidential" and "proprietary" (*see* ECF 98-1 at 1), though, are far afield from narrowly demarcated categories. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). And to the extent the parties seek to limit the "[p]rivate or confidential personal information, such as medical records and/or financial records of Summer Keesler and Kevin Wiesehan" (ECF 98-1 at 2), they should remember that while "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation, they must be revealed." *Baxter Int'l, Inc.*, 297 F.3d at 547. Still more, the parties' proposed order includes, but is not even limited to, these overbroad categories. (ECF 98-1 at 1). The parties should keep this in mind if they seek entry of a revised proposed protective order which contemplates sealed filings.

information at the end of this litigation—such as those in Paragraph 19 of the proposed order (ECF 98-1 ¶ 19)—do not apply to the Court or material filed with the Court.

Accordingly, the parties' Joint Motion for Entry of Protective Order (ECF 98) is DENIED WITHOUT PREJUDICE.  The parties may file a revised proposed protective order and motion consistent with this Order.

SO ORDERED.

Entered this 19th day of January 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge